Wausiman PEREIRA–BORGES; et al., Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72565.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Glenn Y. Lum, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert R. Homiak, U.S. Department of Justice, Environment and Natural Resource Div., Environmental Enforcement Section, Denver, CO, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Lead petitioner, Wausiman Pereira–Borges, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we grant the petition for review and remand.

Pereira–Borges promptly corrected any inconsistencies regarding the dates of his three encounters with the police and testified consistently as to the dates for the remainder of the hearing. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1046–47 (9th Cir.2005) (where the IJ failed to consider that petitioner immediately corrected her testimony, the IJ found an inconsistency where none exists). Likewise, an alleged inconsistency as to when Pereira–Borges filed police reports is of minor import and does not go the heart of his claim of repeated targeting and abuse by the Brazilian police on account of his race and membership in a particular social group. *See Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003) (rejecting inconsistencies that were not material to the heart of petitioner's claim).

The BIA also accorded undue weight in its adverse credibility determination to a statement contained in an unauthenticated Form I–213 (Record of Deportable/Inadmissible Alien). *See Murphy v. INS,* 54 F.3d 605, 610–11 (9th Cir.1995) (an unauthenticated I–213 merits little, if any, weight).

Finally, the BIA's adverse credibility determination cannot rest on Pereira–Borg-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

es' failure to present copies of police reports. *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004) (where reasons underlying adverse credibility finding fail, applicant's testimony is accepted as credible and no independent corroborative evidence is required).

Accordingly, we grant the petition for review and remand the case to the BIA to consider whether, accepting Pereira–Borges' story as true, he is eligible for relief. *See INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.